IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOCCO D. BAILEY,

            Plaintiff,

v.

AMERICAN PHOENIX, INC.,

            Defendant.

Case No. 16-CV-4044-DDC

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff has moved for a default judgment. Doc. 48. This motion essentially relies on three categories of wrongs that purportedly warrant the drastic sanction of a default judgment. First, plaintiff asserts that defendant has committed various discovery and disclosure violations. Second, he argues that defense counsel has not comported themselves consistent with their professional obligations. And last, he claims that defendant has perpetrated a "fraud on the court and [committed] perjury." Doc. 48 at 2. Collectively, plaintiff contends, this conduct warrants a default judgment in his favor.

The court is not persuaded by plaintiff's motion. As our Circuit long has emphasized, "strong policies favor resolution of disputes on their merits." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (further citation omitted)). The rationale for this principle is simple: "We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Id.* Default outcomes are appropriate "only where a lesser sanction

would not serve the interest of justice." *Davis v. Miller*, 571 F.3d 1058, 1064 (10th Cir. 2009) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988)). To be sure, some circumstances warrant this outcome. A "workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Cessna Fin. Corp.*, 715 F.2d at 1444 (citations omitted).

When deciding whether particular circumstances warrant the harsh outcome of a default judgment, the governing law confers substantial discretion on district courts. *See*, *e.g.*, *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (reversing district court's decision to enter a default judgment). Here, the court, in its discretion, refuses to impose the harsh outcome that plaintiff seeks. Plaintiff has bypassed a litany of less severe remedies for the various abuses he alleges. Even if plaintiff's assertions about defendant and its counsel are true – and the court is not persuaded that they are – they would not deserve the sanction that his motion seeks. The court denies plaintiff's motion.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Default Judgment against Defendant (Doc. 48) is denied.

**IT IS SO ORDERED.**

**Dated this 16th day of June, 2017, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**